UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE TRUST :
FUND; and TRUSTEES of the LOCAL 813 SAVINGS :
AND THRIFT TRUST FUND, :
: No.: _____
Plaintiffs, :
:
- against - :
:
PERSONAL TOUCH FUNERAL SERVICE, INC., :
:
Defendant. :
------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Insurance Trust Fund and the Local 813 Savings and Thrift Trust Fund (collectively "the Funds"), by and through their undersigned counsel, bring this action against Defendant Personal Touch Funeral Service, Inc. (the "Company"), and allege as follows:

**I. INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act ("ERISA") to compel the Company to submit to an audit.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Funds, seek to compel the Company to submit to a payroll audit in accordance with the terms and conditions of the Company's collective bargaining agreement; to pay any unpaid contributions, interest, and liquidated damages determined to be owed by the audit; and to pay the attorneys' fees and costs associated with obtaining this relief.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Company because it resides and does business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Funds who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District and because the Company does business in this District.

## III. PARTIES

6. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plans within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plans within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.

7. The Funds are administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101-3107.

8. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

9. The Company is a for-profit domestic corporation having its principal place of business at 189-06 Liberty Avenue, Hollis, New York, 11412 and is an employer within the

meaning of ERISA §§ 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301, 29 U.S.C. § 185.

## IV. BACKGROUND

10. The Company was party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Funds are third-party beneficiaries.

11. Pursuant to Paragraphs 19, 22, and 26 of the CBA, the Company agreed to: (i) abide by the Agreements and Declarations of Trust establishing the Funds (the "Trust Agreements"), and (ii) pay contributions to the Funds in accordance with the provisions set forth in the CBA for those of the Company's employees performing covered work within the meaning of the CBA.

12. Pursuant to Paragraph 25 of the CBA, the Company agreed that "should there be any claim by the Union or any of the Trust Funds mentioned in this Agreement as to any discrepancies or disputes concerning the payments by the Employer to the respective Funds, that they or their representatives shall have the right on reasonable notice, to examine the Employer's books at the Fund Office concerning such discrepancies or disputes, including payroll books, hours of work records, or other records pertaining to the number of employees and/or hours worked or paid for."

13. Pursuant to Paragraph 9.8 of the Agreements and Declarations of Trust establishing the Funds (the "Trust Agreements") and adopted by the Company, the Trustees have the right to "periodically examine, copy and audit, and the Employer agrees to permit such Fund Representative to conduct such periodic examinations and audits of, the Employer's accounts, books and records at the Employer's place of business (or other mutually agreed upon location)

which the Fund Representative determines is necessary to confirm that the Employer has fully satisfied its obligations to contribute to the Fund under the Employer's Collective Bargaining Agreement (or any other agreement requiring contributions to the Fund), this Agreement, the Plan, the rules and policies of the Trustees, or under applicable law."

14. By letters dated April 16 and May 18, 2018, the Funds' auditor contacted the Company to schedule an audit of its books and records covering the period October 1, 2016 to March 31, 2018.

15. To date, the Company has provided no response to the Funds' auditor, and therefore, has refused to comply with its obligations under its CBA and the Trust Agreements.

## COUNT I

### Violation of ERISA § 515, 29 U.S.C. § 1145

16. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

17. Under the terms of the CBA and Trust Agreements, the Company was obligated to submit to an audit of its books and records.

18. The Company breached these obligations when it refused to permit to the Funds' auditor's repeated requests to audit the Company's books and records.

19. The Company's failure to abide by the terms of the CBA and Trust Agreements constitutes a violation of ERISA § 515, 29 U.S.C. § 1145.

20. Plaintiffs, the Trustees of the Funds, hereby request that judgment be entered in its favor and that the Company be ordered to: (i) permit an audit of its books and records in accordance with the terms of the CBA and Trust Agreements; (ii) pay all unpaid contributions, along with interest and liquidated damages, found to be owed by the audit, and (iii) pay any attorneys' fees and costs incurred in auditing the Company and obtaining the relief in this action.

Dated:   November 16, 2018                    **PROSKAUER ROSE LLP**

                                        By:      */s/ Neil V. Shah*
                                                 Neil V. Shah

One Newark Center
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*