UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TRUSTEES of the LOCAL 813 INSURANCE TRUST FUND; and TRUSTEES of the LOCAL 813 SAVINGS AND THRIFT TRUST FUND,

    Plaintiffs,

-against-

PERSONAL TOUCH FUNERAL SERVICE, INC.,

    Defendant.
-------------------------------------------------------------------x

**OPINION & ORDER**

**18-cv-6535 (NG)(VMS)**

GERSHON, United States District Judge:

Plaintiffs, Trustees of the Local 813 Insurance Trust Fund and Trustees of the Local 813 Savings and Thrift Trust Fund (collectively, the "Funds"), filed this action on November 16, 2018 against defendant Personal Touch Funeral Service, Inc., pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Defendant never appeared and therefore failed to file an answer or otherwise move with respect to the complaint. The Clerk of Court entered a certificate of default on January 15, 2019, and plaintiffs moved for a default judgment on March 12, 2019. In their motion, plaintiffs seek an order compelling defendant to submit to an audit of its books and records for the time period from October 1, 2016 to March 31, 2018 and to pay plaintiffs $12,218.56 in attorney's fees and costs.

**I. Factual Background**

According to the complaint, plaintiffs are trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements. Defendant is a for-profit New York corporation with a principal place of business in Hollis, New York and is an employer within the meaning of ERISA §§ 3(5) and 515, 29 U.S.C.

§§ 1002(5) and 1145 and an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301, 29 U.S.C. § 185.

Defendant was party to a Collective Bargaining Agreement ("CBA") with Local Union No. 813, International Brotherhood of Teamsters, with respect to which the Funds are third-party beneficiaries. Under the CBA, defendant agreed to abide by the Agreements and Declarations of Trust establishing the Funds (the "Trust Agreements") and pay contributions to the Funds in accordance with the provisions set forth in the CBA for those of defendant's employees performing covered work within the meaning of the CBA. Section 9.8(c) of each of the two Trust Agreements affords plaintiffs the right to periodically examine, copy, and audit an employer's accounts, books, and records to ensure that the employer has fully satisfied its obligations to contribute to the Funds.

On April 16, 2018, an auditor for the Funds sent a demand, by mail and email, to defendant to schedule an audit of defendant's books and records covering the period from October 1, 2016 to March 31, 2018. Having received no response, the auditor sent another demand, again by mail and email, to defendant on May 18, 2018. The auditor notified defendant that it would pass the matter on to its attorneys if defendant did not respond within 10 days. Plaintiffs allege that defendant never responded.

## II. Legal Standard

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides a two-step process. The moving party must first obtain a certificate of default from the Clerk of Court, and then it may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55. Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Nonetheless, a default judgment is only warranted if "the

unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citations omitted).

## III. Discussion

### a. Injunctive Relief

Plaintiffs contend that defendant's failure to abide by the terms of the CBA and Trust Agreements constitutes a violation of ERISA § 515, which states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Section 302(g)(2)(E) of ERISA provides that, in a successful action brought under this section, the court shall award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E).

Although plaintiffs here are not seeking contributions to the Funds under § 515, "there is no doubt that an audit of [defendant's] books is a necessary first step to enforcement of [its] contributions obligations under" ERISA. *Trs. of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund & 401(K) Sav. Plan v. Arista Plumbing Heatings & Piping Corp.*, 2014 WL 888377, at *6 (E.D.N.Y. Mar. 6, 2014). Therefore, "[c]ourts have regularly granted such requests using Section 502(g)(2)(E) as the statutory basis for an order compelling a defendant-signatory to produce books and records in compliance with their CBA obligations under ERISA." *Id.* at *7 (collecting cases); *accord Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, L 5A, L 5C &*

*15D, AFL-CIO v. Prof'l Pavers Corp.* ("*Prof'l Pavers Corp.*"), 2019 WL 1507937, at *2 (E.D.N.Y. Apr. 5, 2019).

Nonetheless, a statutory violation does not automatically entitle plaintiffs to equitable relief under ERISA. A party seeking an injunction also must show "irreparable injury and the inadequacy of legal remedies." *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68 (2d Cir. 1999). Plaintiffs have made such a showing. The trustees "cannot know whether they are in fact entitled to monetary damages (and if so, in what amount) until they conduct an audit of defendant's books and records[.]" *Prof'l Pavers Corp.*, 2019 WL 1507937, at *2. Also, by defaulting in this action and refusing to submit to the requested audit, defendant has demonstrated an intention to frustrate any judgment or show contempt for the judicial process such that an injunction is warranted. *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 350 (E.D.N.Y. 2009) (citing *King v. Nelco Indus.*, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996)) (internal quotation marks omitted). Accordingly, the Clerk of Court is directed to enter a judgment directing defendant to submit to an audit within 30 days of the entry of judgment.

b. **Attorney's Fees and Costs**

Plaintiffs seek $11,225 in attorney's fees for 35.75 hours of work by attorneys at a blended rate of $300 per hour and five hours of work by legal assistants and litigation support staff at $100 per hour. Plaintiffs are entitled to an award of reasonable attorney's fees. 29 U.S.C. § 1132(g)(2)(D). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The fee applicant has the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that

*15D, AFL-CIO v. Prof'l Pavers Corp.* ("*Prof'l Pavers Corp.*"), 2019 WL 1507937, at *2 (E.D.N.Y. Apr. 5, 2019).

Nonetheless, a statutory violation does not automatically entitle plaintiffs to equitable relief under ERISA. A party seeking an injunction also must show "irreparable injury and the inadequacy of legal remedies." *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68 (2d Cir. 1999). Plaintiffs have made such a showing. The trustees "cannot know whether they are in fact entitled to monetary damages (and if so, in what amount) until they conduct an audit of defendant's books and records[.]" *Prof'l Pavers Corp.*, 2019 WL 1507937, at *2. Also, by defaulting in this action and refusing to submit to the requested audit, defendant has demonstrated an intention to frustrate any judgment or show contempt for the judicial process such that an injunction is warranted. *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 350 (E.D.N.Y. 2009) (citing *King v. Nelco Indus.*, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996)) (internal quotation marks omitted). Accordingly, the Clerk of Court is directed to enter a judgment directing defendant to submit to an audit within 30 days of the entry of judgment.

b. **Attorney's Fees and Costs**

Plaintiffs seek $11,225 in attorney's fees for 35.75 hours of work by attorneys at a blended rate of $300 per hour and five hours of work by legal assistants and litigation support staff at $100 per hour. Plaintiffs are entitled to an award of reasonable attorney's fees. 29 U.S.C. § 1132(g)(2)(D). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The fee applicant has the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that

the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In support of their application, plaintiffs submit a declaration from Neil V. Shah, an associate at Proskauer Rose LLP, which represents plaintiffs. Mr. Shah asserts that he has been practicing law since 2010 and that he and the other attorneys on the case are members of the firm's dedicated ERISA group. Mr. Shah provides no information on the years of experience of the other people who worked on this case—two attorneys, a legal assistant, and two members of the firm's Litigation Support Department. Nor does Mr. Shah provide information on any of the staffs' typical billing rates other than to say that the firm bills the Funds "at a blended rate for all attorney work that is well in excess of the rates requested" here. Plaintiffs therefore have not provided me with the data I need to evaluate whether their blended rate is reasonable. I accordingly reduce the attorneys' hourly rate to $200, which is a rate in the middle of the accepted range for associates in this district. *See, e.g., Trs. of Empire State Carpenters Annuity v. C.R. Edwards Constr. Co.*, 2016 WL 6875969, at *5 (E.D.N.Y. Nov. 22, 2016); *Gesualdi v. Giacomelli Tile Inc.*, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010). I find the legal support staffs' hourly rate of $100 to be reasonable. *See, e.g., Gesualdi*, 2010 WL 1049262, at *2.

The nearly 36 hours billed by attorneys in this case are unjustifiable in this ERISA action, which seeks only an audit. The attorneys spent 6.75 hours to draft and file a four-page complaint, 4.5 hours to request a certificate of default, and 19.25 hours to draft and file their default judgment motion. Plaintiffs have provided no explanation for why lawyers who specialize in ERISA

5

invested that much time on this straightforward matter.¹ Nor have they justified why their legal support personnel expended five hours of work on this case. Having carefully reviewed plaintiffs' counsels' time sheets, I conclude that plaintiffs should be awarded $2,400 in attorney's fees, representing 11 hours of work by attorneys and two hours of work by legal support staff. This reduction reflects the amount of time the court believes plaintiffs' counsel should have reasonably expended in this case and aligns the hours sought here with those deemed reasonable in analogous ERISA cases. *See Prof'l Pavers Corp.*, 2019 WL 1507937, at *2 (7.5 hours); *La Barbera*, 666 F. Supp. 2d at 354 (8.8 hours).

Plaintiffs also seek reimbursement of the following costs incurred in pursuing this litigation: $400 for the court's filing fee, $279.45 for a process server fee, $238 for legal research, and $76.11 for UPS Delivery Services. The party requesting reimbursement of its costs must provide the court with adequate documentation "not only showing costs were incurred, but that they were paid." *Markey v. Lapolla Indus., Inc.*, 2017 WL 9512407, at *8 (E.D.N.Y. Aug. 24, 2017), *report and recommendation adopted by* 2017 WL 4271560 (E.D.N.Y. Sept. 26, 2017). Plaintiffs have submitted a list of their costs, but no documentation proving that they were paid.² I therefore award plaintiffs only $400 for the court's filing fee, since the receipt is on the court's docket.

---

¹ A review of the documents themselves offers no clues. Notably, in the argument section of plaintiffs' memorandum of law, only one paragraph addresses the merits of their action (without any legal citations) while the other three and a half pages discuss their request for attorney's fees.

² Counsel have also not shown that they usually bill their clients for the cost of online legal research—a requirement for reimbursement of such costs and an additional reason to deny their request for reimbursement of this expense. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004).

## IV. CONCLUSION

Plaintiffs' motion for a default judgment is granted. The Clerk of Court is directed to enter a judgment in which defendant is ordered to submit to an audit within 30 days of the entry of judgment and in which plaintiffs are awarded $2,400 in attorney's fees and $400 in costs.

SO ORDERED.

/s/ *Nina Gershon*

**NINA GERSHON**
**United States District Judge**

May 29, 2019
Brooklyn, New York